UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RHONDA WOODSON,**<br>**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2407** |
| **WAFFLE HOUSE, INC.,**<br>**Defendants** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment by Defendant Waffle House, Inc.[1] Plaintiff Rhonda Woodson opposes the motion.[2] Defendant filed a reply.[3] After additional discovery, Plaintiff filed a supplemental opposition.[4] At this Court's direction, Defendant filed a supplemental memorandum in support.[5] For the reasons that follow, Defendant's motion is **DENIED**.

## BACKGROUND

Plaintiff Rhonda Woodson allegedly suffered injury as a result of a slip and fall that occurred at a Waffle House restaurant located at 2500 Canal Street in New Orleans, Louisiana, on October 10, 2020.[6] After giving instructions on her to-go order at the counter, Plaintiff alleges she slipped and fell "on a slippery substance on the floor," resulting in physical injuries.[7] Plaintiff brought the instant action against Defendant on October 8, 2021, in the Louisiana Civil District Court for the Parish of Orleans.[8] In her state court petition, Plaintiff alleged her fall is the result of Defendant's breach of its duty

---

[1] R. Doc. 13.
[2] R. Doc. 16.
[3] R. Doc. 20.
[4] R. Doc. 26.
[5] R. Doc. 31.
[6] R. Doc. 1-1 at p. 1-2.
[7] *Id.* at p. 2.
[8] *Id.* at p. 1.

1

"to keep the premises of their establishment clean, safe and free from defects and hazards, and failure to use due care under the circumstances."[9] Plaintiff alleges, consequently, she "sustained injuries to her neck, head low back, knees, body and mind, together with past mental anguish and physical suffering; past and future loss of enjoyment of life; [and] past and future expenses for medical care."[10] On December 30, 2021, Defendant removed the suit to this Court.[11] On August 12, 2022, Defendant filed the instant Motion for Summary Judgment, arguing there is no evidence in the record to support essential elements of Plaintiff's claim against them.[12]

## LEGAL STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] "An issue is material if its resolution could affect the outcome of the action."[14] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[15] All reasonable inferences are drawn in favor of the nonmoving party.[16] There is no genuine issue of material fact if, even viewing the evidence in the light most

---

[9] *Id.* at p. 2.
[10] *Id.*
[11] R. Doc. 1.
[12] R. Doc. 13.
[13] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[14] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[15] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[16] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[17]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[18] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[19]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[20] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled

---

[17] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[18] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[19] *Celotex*, 477 U.S. at 322–24.
[20] *Id*. at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986), and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

to summary judgment as a matter of law.[21] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[22] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[23] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[24] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[25]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim.

---

[21] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[22] *Celotex*, 477 U.S. at 332–33.
[23] *Id.*
[24] *Celotex*, 477 U.S. at 332–33, 333 n.3.
[25] *Id.*; *see also First National Bank of Arizona*, 391 U.S. at 289.

4

'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[26]

## UNDISPUTED MATERIAL FACTS

The following facts are undisputed. On or about October 10, 2020, Plaintiff was a patron at the Waffle House restaurant located at 2500 Canal Street, New Orleans, Louisiana 70119.[27] A Waffle House employee placed two bright yellow wet floor caution signs out onto the lobby floor, one near the front entrance and the other towards the back entrance at approximately 6:14:28 a.m. and 6:14:49 a.m.[28] After placing the signs, a Waffle House employee mopped the lobby floor beginning at approximately 6:15:28 a.m. and ending at 6:28:04 a.m.[29] Subsequently, the two bright yellow wet floor caution signs remained on the lobby until 10:22:29 a.m., two hours after Plaintiff's fall.[30] Plaintiff entered the Waffle House restaurant at 8:04:37 a.m.[31] Plaintiff did not see the alleged hazard that Plaintiff claims to have caused her fall prior to her alleged fall.[32] Multiple individuals, including Plaintiff, traversed the area without incident where Plaintiff fell prior to and subsequent to her alleged fall.[33] Moreover, Plaintiff walked past the wet floor sign near the front entrance on three different occasions before she fell.[34] Finally, it is

---

[26] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[27] R. Doc. 13-5 at p. 1; R. Doc. 32 at p. 1.
[28] *Id.*
[29] R. Doc. 13-5 at p. 1; R. Doc. 32 at p. 2.
[30] R. Doc. 13-5 at p. 2; R. Doc. 32 at p. 2.
[31] *Id.*
[32] *Id.* Although Plaintiff denies this allegation, Plaintiff cites to her own deposition testimony where she said she did not see the substance because she was looking at the line cook while waiting for her food, the same testimony relied on by Defendant. R. Doc. 32 at p. 2. Accordingly, the Court deems this statement admitted in substance.
[33] R. Doc. 13-5 at p. 2; R. Doc. 32 at p. 2. As above, in opposition, Plaintiff cites the CCTV footage from 6:14:28 a.m. to 10:22:29 a.m. The Court notes that in opposition, Plaintiff's citations in support of this contention are the exact same used by Defendant. This is insufficient to create a genuine issue of material fact as to this statement. Accordingly, the Court deems this admitted in substance.
[34] *Id.*

undisputed Plaintiff did not have any knowledge of how long the alleged hazard existed prior to her alleged fall.[35]

## LAW AND ANALYSIS

At the outset, because the parties invoke this Court's subject matter jurisdiction on the basis of the existence of diversity of citizenship between the parties,[36] the Court must determine whether to apply state or federal law. "Where federal jurisdiction, as here, is based on diversity, [the Court] applies the substantive law of the forum state—[Louisiana]."[37] Under Louisiana law, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous condition which reasonably might give rise to damage."[38] A plaintiff in a slip and fall action has the burden of proving the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[39]

The statute includes the following definitional provisions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that

---

[35] *Id.* Like above, Plaintiff denies this allegation. However, Plaintiff cites again to the same deposition testimony provided by Defendant in support of its statement of genuine issues of material fact. The Court finds this admitted in substance.
[36] R. Doc. 1.
[37] *Pearson v. BP Products North America, Inc.*, 449 Fed. Appx. 389, 390 (5th Cir. 2011).
[38] La. R.S. § 9:2800.6.
[39] *Id.*

6

> the employee knew, or in the exercise of reasonable care should have known, of the condition.
> (2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.[40]

Defendant moves for summary judgment, arguing the undisputed facts show Plaintiff is unable to prove Defendant's knowledge of the hazardous condition or Defendant's failure to exercise reasonable care—elements two and three respectively.[41] Specifically, Defendant argues Plaintiff cannot demonstrate the temporal and notice requirements of element two—that "the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence,"[42] and Plaintiff cannot demonstrate Defendant "failed to exercise reasonable care," as required by element three.

In opposition, Plaintiff relies on the expert report of Dr. Marissa Orlowski.[43] Plaintiff argues the following portion of the report of Plaintiff's expert Dr. Marissa Orlowski creates genuine disputes of material fact warranting denial of Defendant's motion:

> Dr. Orlowski['s] findings are: (1) The cleaning solution Waffle House uses for mopping floors requires rinsing with water. (2) The manufacturer of the flooring used by Waffle House recommends rinsing floors with a clean mop as part of the general cleaning procedure. (3) It is industry standard to utilize a two-step procedure for floor cleaning that includes mopping followed by rinsing with clean water. (4) On October 10, 2020, the Waffle House floor was mopped in a single pass prior to Ms. Woodson entering the building, suggesting the floor was mopped but not rinsed. (5) If the Waffle House floor dried with a residue left behind from the cleaning solution, this could have been the cause of Ms. Woodson['s] slip and fall.[44]

---

[40] *Id.*
[41] R. Doc. 13-1 at p. 1. To the extent Defendant challenges Plaintiff's establishment of element one-that "[t]he condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable—the Court finds Plaintiff has established a genuine issue of material fact as to this element.
[42] La. R.S. § 9:2800.6.
[43] R. Doc. 26 at p. 2.
[44] *Id.*

7

In its supplemental reply, Defendant raises issues of credibility of Plaintiff's expert, Dr. Orlowski.[45] Defendant asks this Court to exclude the expert testimony of Dr. Orlowski from consideration in connection with this motion because her testimony does not comply with the standards for expert testimony outlined in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[46] However, this issue is not ripe for consideration by the Court at this time because a *Daubert* motion has not been filed. The Court finds guidance on this unsettled area of the law from a decision by the United States District Court for the Western District of Louisiana:

> Courts need not, and perhaps often should not, apply *Daubert* at the summary judgment stage.
>
> "The fact that *Daubert* can be used in connection with summary judgment motions does not mean that it should be used profligately. A trial setting normally will provide the best operating environment for the triage which *Daubert* demands. . . . Because the summary judgment process does not conform well to the discipline that *Daubert* imposes, the *Daubert* regime should be employed only with great care and circumspection at the summary judgment stage."
>
> The complex procedures required to effectively apply *Daubert* at the summary judgment stage may outweigh the benefits. The primary concern is "affording the proponent of the evidence adequate opportunity to defend its admissibility" before excluding it. The clear implication is that courts should be more careful about excluding testimony than including testimony at the summary judgment stage. Although the Fifth Circuit has not addressed this issue, the court is persuaded by the reasoning of the First and Third Circuits and adopts it. At this point, the court will conduct only a preliminary review, in order to determine whether to consider the expert testimony for purposes of the summary judgment motion.[47]

---

[45] R. Doc. 31 at pp. 2-6. Defendant additionally argues Plaintiff's expert report does not comply with this Court's Scheduling Order and Federal Rule of Civil Procedure 26 because it failed to include the expert's testifying history and the amount the expert is receiving as compensation. *Id.* at p. 2. Counsel for Plaintiff is directed to provide the additional information requested by Defendant, if they have not already done so.
[46] *Id.* at pp. 2-6.
[47] *Alcan Aluminum Corp. v. BASF Corp.*, 133 F. Supp. 2d 482, 493 (2001) (quoting *Cortes-Irizarry v. Corporacion Insular De Seguros*, 111 F.3d 184, 188 (1st Cir. 1997)) (internal citations omitted).

Accordingly, the Court need only conduct a preliminary review of whether Dr. Orlowski's testimony meets the criteria outlined in *Daubert* for the purpose of this motion.

First, Defendant argues "Plaintiff's expert is not qualified to offer an opinion regarding the co-efficiency of friction in the instant slip and fall incident."[48] The Court is not persuaded this characterization of her testimony is accurate. Dr. Orlowski does not purport to be an expert in the "co-efficiency of friction." Instead, Dr. Orlowski has decades of experience in hospitality and restaurant management,[49] and after preliminary review, the Court finds Dr. Orlowski may be qualified to testify to industry standards in the cleaning process, which is the object and scope of her expert testimony.

Second, Defendant argues Dr. Orlowski's "'methodology' is unreliable and, thus, plaintiff's reliance on her expert's opinion . . . is without merit."[50] Defendant asserts "Dr. Orlowski's opinion is unreliable because her 'methodology,' though testable, was not tested and is entirely rooted in speculation and, thus, should not be considered."[51] Defendant further contends that the commercial sources relied on by Dr. Orlowski are not reliable or credible.[52] The Court is not prepared to exclude Plaintiff's expert testimony, as requested by Defendant, on preliminary review. The Court finds it is plausible that Dr. Orlowski's methodology and testing may be found reliable by this Court, if a *Daubert* motion is indeed filed. Moreover, seeing as Defendant has not filed a motion *in limine* to exclude the testimony of Plaintiff's expert, nor has any decision rendered the expert's testimony and report inadmissible, the issue is not ripe for consideration at this time. The Court is further persuaded that only a preliminary review is necessary because the issue

---

[48] R. Doc. 31 at p. 2.
[49] R. Doc. 26-3.
[50] R. Doc. 31 at p. 4.
[51] *Id.*
[52] *Id.* at p. 5.

has not been fully briefed. Plaintiff has not been afforded an opportunity to fully respond to Defendant's arguments regarding the inadmissibility of Plaintiff's expert. Absent additional briefing, the Court is ill-prepared to rule on an issue of admissibility at this time. Should Defendant wish to file a motion *in limine* at a later date, the Court will consider the motion after proper briefing. Accordingly, the Court takes the findings of the report into consideration for the purpose of the instant motion for summary judgment.

Considering Dr. Orlowski's expert testimony, Plaintiff has demonstrated a genuine issue of material fact exists as to whether Plaintiff will be able to establish elements two and three. Defendant faces a difficult burden at the summary judgment stage, particularly because this is a personal injury case involving a claim for negligence. Rule 56 states, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[53] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[54] All reasonable inferences are drawn in favor of the non-moving party.[55] "The use of summary judgment is rarely appropriate in negligence . . . cases, even where the material facts are not disputed."[56] As the Fifth Circuit has explained:

> Because of the peculiarly elusive nature of the term "negligence" and the necessity that the trier of facts pass upon the reasonableness of the conduct in all the circumstances in determining whether it constitutes negligence, it

---

[53] FED. R. CIV. P. 56(a).
[54] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins*. Co., 530 F.3d 395, 398 (5th Cir.2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150–51 (2000).
[55] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).
[56] *Davidson v. Stanadyne, Inc.*, 718 F.2d 1334, 1338–39 (5th Cir. 1983) (citing *Marsden v. Patane*, 380 F.2d 489, 491 (5th Cir. 1967); *Gross v. Southern Railway Co.*, 414 F.2d 292, 296 (5th Cir.1969); *Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir.1970); *King v. Avtech Aviation, Inc.*, 655 F.2d 77, 78 (5th Cir. 1981); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2729 at 195 (1983)).

is the rare personal injury case which can be disposed of by summary judgment, even where the historical facts are concededly undisputed.[57]

Thus, a court will grant summary judgment in a negligence case only in "rare circumstances."[58]

Defendant argues Plaintiff will be unable to establish element two—that "the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence"—because Plaintiff is unable to demonstrate constructive notice. However, Plaintiff need not demonstrate constructive notice, because Plaintiff argues Defendant *created* the condition. Plaintiff argues that Defendant's own mopping procedures created the dangerous condition, not that the dangerous condition was a spill or dropped food—a condition that, in contrast, would be created by a third party and require the plaintiff to prove notice to the defendant.[59] Put another way, a plaintiff arguing that a defendant *actually created* the condition need not prove that the defendant had actual or constructive notice of that condition.[60] Instead, "[t]o prove that a merchant created a condition which caused an accident, 'there must be proof that the

---

[57] *Gauk v. Meleski*, 346 F.2d 433, 437 (5th Cir. 1965).
[58] *Davidson*, 718 F.2d at 1339 & n.8 ("In tort actions in which determinations of a less "elusive nature," such as the existence of an agency relationship, waiver, or whether a plaintiff is in a class protected by a statute, are dispositive, summary judgment may more often be appropriate." (citing 10A Wright, § 2729 at 197–201)); *see also Keating v. Jones Development of Mo., Inc.*, 398 F.2d 1011, 1015 (5th Cir. 1968) ("Negligence is a seldom enclave for trial judge finality. Negligence is a composite of the experiences of the average man and is thus usually confined to jury evaluation.").
[59] *Piediscalzo v. Wendy's Intern., Inc.*, No. 13-29, 2013 WL 5439148 (E.D. La. Sept. 27, 2013) (denying summary judgment because the plaintiff demonstrated the defendant actually created the condition, and therefore the plaintiff did not have to show notice or constructive notice). The Court recognizes that Plaintiff's theory of the case has changed since the onset and that the theory purported by Plaintiff's expert is in contradiction to Plaintiff's own deposition. Plaintiff's deposition testimony makes clear she was not sure of the cause of her fall. Plaintiff is entitled to seek expert testimony to demonstrate potential causes. Moreover. the Court is not permitted to make credibility determinations at the summary judgment stage, as the credibility of the evidence must be weighed by the fact-finder at trial.
[60] *Id.*

merchant is directly responsible for the . . . hazardous condition.'"[61] Indeed, it was Defendant's own employees, not a third party, that mopped the floors. Drawing all inferences in the favor of the non-moving party, the Court finds the testimony of Dr. Orlowski, if credited by the fact-finder, would support a verdict in Plaintiff's favor on the issue of whether the merchant created the condition that caused the damage. Accordingly, Defendant is not entitled to summary judgment on this element.

Defendant argues Plaintiff will be unable to establish the third element—that the "merchant failed to exercise reasonable care"—because Defendant adequately provided notice to its patrons of any hazardous condition.[62] Defendant argues "Louisiana 'jurisprudence has specifically found that mopped floors do not create an unreasonable risk of harm when the appropriate signage is used to warn patrons of the condition of the floor,'" and thus, because Defendant had two "wet floor" signs, it has exercised reasonable care.[63] Accordingly, Defendant asks this court to grant summary judgment in its favor.

The Court finds there is a genuine issue of material fact as to whether Defendant exercised reasonable care under the circumstances, even with evidence that two "wet floor" signs were present in the restaurant at the time of the accident. While it may be true that courts have routinely found that businesses exercised reasonable care when mopping and using proper signage,[64] the case at bar is distinguishable from cases cited by Defendant in one important way. Plaintiff is not arguing that she slipped on a freshly mopped, wet floor. Instead, Plaintiff argues that an invisible hazard existed—a slick

---

[61] *Ferrant v. Lowe's Home Centers, Inc.*, 494 F. App'x 458, 462 (5th Cir. 2012) (citing *Savoie v. Sw. La. Hosp. Ass'n*, 866 So.2d 1078, 1081 (La. App. 1 Cir. 1999) (finding that a hospital created the hazard where wax buildup on the floor caused the plaintiff to fall, because the hospital "maintained its own floors")).
[62] R. Doc. 13-1 at p. 16.
[63] *Id.*
[64] *Id.*

coating on a dry floor. The Court is not prepared to hold on summary judgment that, as a matter of law, the use of "wet floor" signs adequately warns customers of a risk other than wet floors. Moreover, as stated above, the Fifth Circuit has long held that there is a "necessity that the trier of facts pass upon the reasonableness of the conduct in all the circumstances in determining whether it constitutes negligence."[65] Accordingly, the Court finds the question of reasonableness is one for the finder of fact.

## CONCLUSION

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

**New Orleans, Louisiana, this 14th day of November, 2022.**

                                          *Susie Morgan*
                                          **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[65] *Gauk*, 346 F.2d at 437.